UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIANTE DION SCOTT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SGT. J. ARVISO, et al.,<br><br>　　　　　　Defendants. | 1:18-cv-0023-LJO-GSA-PC<br><br>**ORDER DENYING MOTION TO FILE COMPLAINT EXCEEDING 25 PAGES IN LENGTH**<br>**(ECF No. 2.)**<br><br>**ORDER DISMISSING COMPLAINT FOR VIOLATION OF RULE 8, WITH LEAVE TO FILE AN AMENDED COMPLAINT NOT EXCEEDING 25 PAGES**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL COMPLAINT FORM** |

**I.　　BACKGROUND**

Tiante Dion Scott ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On January 4, 2018, Plaintiff filed the Complaint commencing this action, together with a motion for leave to file a Complaint exceeding 25 pages in length. (ECF Nos. 1, 2.)

**II.　　RULE 8(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S.

506, 512 (2002). Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-679; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Plaintiff seeks permission to file a complaint exceeding 25 pages in length. Plaintiff argues that because he names twelve defendants in his Complaint he is unable to concisely allege his claims. Plaintiff informs the court that he has not submitted his exhibits with the Complaint, but nonetheless he has referred to the omitted exhibits in the Complaint. Plaintiff suggests that the court can request precise exhibits from him if needed.

Plaintiff's Complaint contains 53 pages of typewritten allegations. The Complaint fails to comport with Rule 8(a)'s requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's lengthy narrative does not succinctly allege facts against the named defendants. Twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Plaintiff's Complaint shall be dismissed for violation of Rule 8(a), with leave to file an amended complaint not exceeding twenty-five pages in length.

### III. RULE 18 OF THE FEDERAL RULES OF CIVIL PROCEDURE

In amending the Complaint, Plaintiff is also cautioned not to violate Rule 18 by including unrelated claims in the same complaint. Plaintiff may not proceed in one action on a

myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff has not clearly identified the claims he seeks to bring in the Complaint. The Complaint is a running narrative divided into 47 paragraphs, reciting events occurring from January 27, 2016 until February 28, 2016 at Kern Valley State Prison, including a cell search, Plaintiff's fights with other inmates, need for medical care, the handling of prison appeals, Rules Violation Reports and disciplinary hearings, Plaintiff's missing property, issues with cell mates, and placement in administrative segregation. When preparing the First Amended Complaint, Plaintiff must take care not to include unrelated claims as described above.

## IV. CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint violates Rule 8(a) of the Federal Rules of Civil Procedure. The court will dismiss the Complaint and give Plaintiff leave to file a First Amended Complaint not exceeding 25 pages in length.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint not exceeding 25 pages in length. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the First Amended Complaint within thirty days.

///

The First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added).

In the amended complaint, Plaintiff should include only those facts needed to state his claims against each defendant, and there is no need for legal citations, arguments, or hypothetical examples. As for his request for relief, Plaintiff should not specify the relief sought for *each separate* defendant. It is sufficient to make only *one* request for relief in the complaint, indicating whether Plaintiff seeks monetary damages, punitive damages, and/or injunctive relief.

As for exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit her evidence. If Plaintiff chooses to submit exhibits or to refer to exhibits in the complaint, he must attach the exhibits to the complaint for the court's review. Any exhibits must be filed together with the complaint, not submitted separately.

Plaintiff is also cautioned not to bring claims in the First Amended Complaint that he has already brought in other pending cases. The court finds that Plaintiff has repeated similar allegations in at least one other pending civil rights case about his fights, injuries, medical care, and cell mate issues at North Kern State Prison in February 2016. Plaintiff may not bring multiple cases that duplicate the same allegations and claims.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George, 507 F.3d

///

at 607 (no "buckshot" complaints).  Plaintiff is also advised that he has not been granted leave to include allegations of events occurring after the initiation of this lawsuit on January 4, 2018.

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's motion for leave to file a complaint exceeding 25 pages in length, filed on January 4, 2018, is DENIED;
2. Plaintiff's Complaint, filed on January 4, 2018, is DISMISSED for violation of Rule 8(a), with leave to amend;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Plaintiff is granted leave to file a First Amended Complaint not exceeding 25 pages in length, within **thirty (30) days** from the date of service of this order;
5. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-00023-LJO-GSA-PC; and
6. Plaintiff's failure to file a First Amended Complaint in compliance with this order within thirty days may result in a recommendation that this case be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __**March 27, 2018**__   _____/s/ Gary S. Austin_____
UNITED STATES MAGISTRATE JUDGE